## COMMONWEALTH *vs.* PARMENIUS PIERCE.

On the trial of an indictment for adultery, evidence of acts of improper familiarity between the defendant and the person with whom the adultery was alleged to have been committed, prior and subsequent to the time and occasion relied upon as the time and occasion of the offence charged, was admitted without objection, and the judge instructed the jury that evidence of such prior acts was competent, but that evidence of such subsequent acts was not. *Held,* that the defendant had no ground of exception.

On the trial of an indictment for adultery, the defendant requested that the evidence of acts committed by the defendant with the person with whom the adultery was alleged to have been committed might be confined to the time and occasion on which the Commonwealth intended to rely as the time and occasion of the offence charged, and the judge declined so to do; but the bill of exceptions did not show that any evidence of any subsequent acts was admitted. *Held,* that the defendant had no ground of exception.

INDICTMENT, containing two counts, for adultery with Rebecca L. Thrasher, on the 28th of September 1855, and on the 1st of September 1856. Trial, and verdic⁺ of guilty on both counts, in the court of common pleas in Bristol, before *Aiken,* J., who

allowed a bill of exceptions, the substance of which was as follows :

Benjamin Thrasher and two other witnesses were examined by the district attorney, without objection to any part of their testimony by the defendant. Benjamin Thrasher's testimony tended to show an act of adultery by the defendant with said Rebecca the last week in September or the first week in October 1855. The testimony of the other two witnesses tended to show acts of improper familiarity between the defendant and said Rebecca before and after that time.

When Ellen Martin, the next witness, was called, and before any question had been put to her, the defendant "requested the presiding judge to direct the district attorney to confine the evidence of acts committed by the defendant with Mrs. Thrasher to the time and occasion upon which he intended to rely as the time and occasion when the offence charged in each count was committed ; and asked that he be not allowed to give evidence of other acts committed at other times and on other occasions ;" but the judge declined to give such direction. The testimony of Ellen Martin tended to prove that she lived in the house where the defendant boarded in June, July, and August, 1856; that while she was there, the defendant took Mrs. Thrasher in his arms and carried her into his bedroom and laid her upon his bed, and sat down beside her upon the bed ; and that at other times previous, and while witness lived there, other improper familiarities had passed between the defendant and Mrs. Thrasher. Three other witnesses testified to other acts of improper familiarity at the same place and vicinity by the defendant with Mrs. Thrasher, at different times.

After the evidence for the Commonwealth was in, the district attorney, by direction of the court, elected to rely upon the occasion testified to by Benjamin Thrasher, in support of the first count ; and upon the occasion when Mrs. Thrasher and the defendant were together in defendant's bedroom, as testified to by Ellen Martin, in support of the second count.

The defendant asked the judge to instruct the jury that the charge being of a single act of adultery in each count, evidence

**of** other acts committed at other times and places than those relied on by the government, as the occasion of the commission of the offence, was incompetent, and should not be weighed as evidence in the case. But the judge declined so to instruct the jury; and instructed them " that evidence of acts of improper familiarity between the defendant and Mrs. Thrasher, prior to the time and occasion relied on by the government in support of each count, was competent and admissible in corroboration of the evidence of Benjamin Thrasher and of Ellen Martin, and as tending to show the disposition of the parties to commit the crime, and as bearing on the probabilities of the commission of the crime on the occasions relied on by the government; but that all such acts, subsequent to the occasion relied on by the government in support of each count, were inadmissible in evidence, and were not to be regarded as in evidence in the case."

*J. Brown,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. No objection was taken to the admission of the testimony of Benjamin Thrasher and the two other witnesses, tending to establish the first count in this indictment, at the time when it was given ; and therefore, as to that part of the case, the only inquiry open relates to the subsequent ruling of the presiding judge upon that evidence. That was certainly sufficiently guarded, the instruction being that evidence of prior acts of improper familiarity between the defendant and Mrs. Thrasher, previous to the time and occasion relied upon by the government in support of the count, was competent and admissible evidence in corroboration of the evidence of Benjamin Thrasher, and as tending to show the disposition of the parties to commit the alleged crime ; but that all such acts subsequent to the occasion relied upon by the government in support of the count were inadmissible, and were not to be regarded as evidence.

As to the second count, under which the government relied upon an act of adultery in the summer of 1856, and to support which the evidence of Ellen Martin was offered, it does not appear from the bill of exceptions that the acts testified to in

corroboration were acts occurring subsequent to that relied upon as the substantive charge. The prayer of the defendant for instructions that all evidence of other acts committed at other times and places was incompetent and inadmissible was clearly wrong. *Commonwealth* v. *Merriam*, 14 Pick. 518. Instead of the ruling asked, the presiding judge very properly gave that already stated as applicable to both counts, and which directly excluded from the jury all evidence of subsequent acts.

We perceive no ground for maintaining the exceptions in the present case.                         *Exceptions overruled.*

